# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | ) |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. |
| _____ | ) |
| *Defendant* | ) |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ☐ a federal offense ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed - that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in _____.*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

☐ a minor victim

☐ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the ☐ date of conviction ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum prison term of ten years or more is prescribed in Distribute and Possess with Intent to Distribute Methamphetamnine

☐ under 18 U.S.C. § 924(c).

---

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Page 1 of 3

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

☐ (2)    The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

**Alternative Findings (B)**

(1)    There is a serious risk that the defendant will not appear.

☐ (2)    There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II— Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes by    ☐ clear and convincing evidence    ☐ a preponderance of the evidence that

Defendant is charged in Count One of the Indictment with a violation of 21 U.S.C. § 846 (Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine); the maximum term of imprisonment for such offense is not less than ten (10) years and not more than life, a fine not to exceed $10 million, or both with supervised release of at least five (5) years.

The Government has sought to detain under 18 U.S.C. § 3142(f)(1) and (2). Both parties concurred the presumption is applicable to this case. The Court has considered the nature of the offense, as well as the testimony presented at the detention hearing (including the testimony of Task Force Officer Wes Menser and Linda Wade, Defendant's mother), and the pretrial services report and supplemental report in light of all of the factors listed in 18 U.S.C. § 3142(g) - including the nature and circumstances of the offense charged, the apparent weight of the evidence against Defendant, and Defendant's history and characteristics.

According to the testimony presented by Officer Mesner, Defendant Lindsey George is a known dealer of methamphetamine.  Through surveillance, co-conspirator Likus was observed dropping off methamphetamine at the home of George and George herself was observed to participate in several controlled buys of methamphetamine.  Officer Mesner testified specifically about four undercover buys and one controlled purchase with a confidential source that yielded a total of about 144 ounces of methamphetamine purchased from Defendant George in the last year.

After a search warrant was conducted on the home of Defendant George it was determined that multiple people were living in the house, including George's 8 year old daughter; moreover, methamphetamine was found in loaded syringes in the master bathroom and a second bedroom. Trash runs at Defendant George's home also revealed syringes and needles that tested positive for methamphetamine on three separate occasions between January of 2016 and February of 2016. George's home is approximately 188 feet from a public park where children play.

Linda Wade, the mother of Defendant George was proferred as a third party custodian but admitted to being unfamiliar with the signs of drug use and/or drug behaviors.  Wade further testified that she had never seen her daughter on drugs to her knowledge, but again admitted that she was not familiar with drug activity or drug behaviors. Ms. Wade testified that she was hopeful that Cenikor would have a bed for George so that she could receive help.  George is currently pregnant.

George is alleged to be an active user of methamphetamine and is likely to continue such conduct if released.  Because of her pregnancy she is not eligible to be admitted to Cenikor drug treatment facility.  Moreover, George exhibited several instances of untruthfulness, where information provided to Pretrial Services conflicted with testimony provided at the hearing by other witnesses.

Having considered all of the foregoing, based upon the nature of the offense, evidence presented, including the Pretrial Services Report, the witnesses' testimony and the rebuttal presumption, the Court concludes that Defendant George has not rebutted the presumption that she is a flight risk and a danger to the community, and finds that there is no condition or combination of conditions on which Defendant George could be released which would reasonably assure that Defendant George would not pose a danger to the community and/or that would reasonably assure her appearance at trial.  Defendant is ordered detained pending trial.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

**SIGNED this 3rd day of March, 2016.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE